## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Application of J. Roy Proctor, Jr.,
for appointment as guardian

August 14, 1975

By JUDGE ALEX H. SANDS, JR.

Section 31-1 of the Code of Virginia, 1950, as amended, clearly provides that unless unsuitable, the surviving parent shall be the natural guardian of the child or children of the marriage. Joseph Roy Proctor, Jr., father of Anna Grace Proctor, aged 10, and Joseph Roy Proctor, III, aged 5, who, at the time of the mother's death, was living at 1604 Wilmington Avenue, Richmond, Virginia, and with whom the children were staying at the time, has moved his appointment as guardian for his children under this Code provision.

John M. Franks, who was named as testamentary guardian of the children by will of Sarah Franks Proctor, their mother, and who has qualified as such in the General Court of Justice, Superior Court Division of Orange County, North Carolina, opposes the motion upon the ground that his appointment as testamentary guardian aforesaid precludes the appointment of a guardian of the estate of the infants in any other jurisdiction. He does not challenge Proctor's motion insofar as it relates to guardianship over the persons of the children, but insists that this Court is without jurisdiction to extend the control of such guardian of the person to the property of the infants since such control over property of the infants, wherever situated, has been preempted by his appointment as testamentary guardian by the will of their mother.

Section 31-8 of the Virginia Code appears to supply a conclusive answer to this question providing that every guardian appointed under § 31-1 shall have the possession of his ward's estate, real and personal.

Assuming, but not deciding (for the question is not before this Court) that the testamentary guardian appointed by Mrs. Proctor has exclusive control over all estate of the infants passing to them under her will, it would appear that the control of such guardian over the estate of the infants would be limited to that part of the estate passing to them under their mother's will.

While Proctor does not concede that his children have no estate in Virginia, yet if this were true it would not affect the question at issue but would be a consideration only in relation to the amount of bond to be required of him.

Proctor, accordingly, may reappear and present his motion for appointment. Frank's objection to the ruling of the Court will be noted in the order of appointment to preserve his right of appeal.